```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
     v.                         )   No. S1-4:11CR246 CDP
                                )                  (FRB)
CURTIS COLE,                    )
                                )
          Defendant.            )
```

**MEMORANDUM, ORDER,
REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). Defendant Curtis Cole filed several pretrial motions. A hearing was held on the motions on August 22, 2012. No testimony or evidence was presented by either party on the motions.[1]

1. Motion To Dismiss For Prosecutorial Delay Pursuant To Rule 48(b) (Docket No. 911)

In his motion to dismiss defendant Cole alleges that the government's delay in charging him has prejudiced him in two respects. "First, it prevents Defendant from properly preparing for trial and reviewing (voluminous discovery) supplied by the government. Secondly, it hampers Defendant from properly interviewing any witnesses to the January 2, 2011 alleged murder in that witnesses' memories obviously fade over time making interviews

---

[1] Defendant Cole also filed a Motion For Severance. That motion is addressed in a separate Report And Recommendation.

extremely difficult." Defendant Cole goes on to claim that the delay by the government was "purposeful".

The government has responded to the defendant's motion. In its response the government notes that information relating to some of the matters with which the defendant is charged, and this particular defendant's involvement in those matters, was not known to the prosecutors and investigators of this case at the time the original indictment was filed in this case. The government asserts that information relating to this defendant was revealed after some defendants named in the original indictment began cooperating with the government, and after a witness came forward with additional evidence.

Defendant Cole moves to dismiss the indictment pursuant to Rule 48(b), Federal Rules of Criminal Procedure, which provides that "The court may dismiss an indictment . . . if unnecessary delay occurs in: (1) presenting a charge to a grand jury." Rule 48(b) has been held to apply only to post arrest delay and not to any pre-arrest delay United States v. Marion, 404 U.S. 307, 319 (1971); United States v. McCoy, 977 F.2d 706, 712, n.6 (1st Cir. 1992). See also, Wright, King & Klein, Federal Practice And Procedure, Criminal 3d § 814, P. 352. ("Rule 48(b), like the Sixth Amendment right, applies only to delay after defendant has been formally charged by indictment or information.") However, defendant Cole also cites to the United States Supreme Court case United States v. Lovasco, 431 U.S. 783 (1977). In Lovasco the Supreme Court noted that it had previously said that the Due Process clause

has a limited role to play in protecting against oppressive (pre-indictment) delay." Id. at 789. "Pre-indictment delay will be sufficiently 'oppressive' to warrant dismissal of an indictment where the delay was unreasonable and substantially prejudicial to the defendant in the presentation of his case." United States v. Bartlett, 794 F.2d 1285, 1289 (8th Cir. 1986).

> To prove a violation of his due process rights a defendant must establish that: (1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him. The court will inquire into the reasons for delay only where actual prejudice has been established. To prove actual prejudice, a defendant must specifically identify witnesses or documents lost during delay properly attributable to the government. It is not sufficient for a defendant to make speculative or conclusory claims of possible prejudice as a result of the passage of time. Finally, it is the defendant's burden to show that the lost testimony or information is not available through other means.

United States v. Sturdy, 207 F.3d 448, 452 (8th Cir. 2000). (Internal citations and quotations omitted).

The defendant has not shown any actual and substantial prejudice as a result of any delay in bringing the pending charges against him. In his motion he simply avers, without further amplification, that "witnesses' memories obviously fade over time making interviews extremely difficult." Such speculative claims fall short of the burden on the defendant to show actual and substantial prejudice. United States v. Jackson, 446 F.3d 847, 851 (8th Cir. 2006). The defendant also claims that he is prejudiced

by the delay because he cannot properly prepare for trial on account of the volume of discovery provided to him by the government. He made this same argument in his Motion To Continue The Trial Setting (Docket No. 912) which was denied by Judge Perry (Docket No. 957).

Nor has the defendant shown that the government intentionally delayed his being charged in the indictment in order to gain a tactical advantage or to harass him. In its response to the defendant's motion the government set out the reasons for the delay in charging this defendant. The government's response clearly asserts good cause for the delay and demonstrates that any delay was not done to gain any tactical advantage over the defendant. United States v. Haskell, 468 F.3d 1064, 1070 (8th Cir. 2006). See also, United States v. Lovasco, 431 U.S. at 790-795.

Therefore, the defendant's motion should be denied.

2. Motion To Suppress Electronic Surveillance
   (Docket No. 913)

In his motion the defendant seeks to suppress any evidence obtained by the government through court authorized "wiretaps" conducted in the investigation of this case. At the hearing on the defendant's motion counsel for the government stated that the government did not intend to offer in evidence at trial any conversations of the defendant intercepted and recorded as a result of any court authorized wiretaps. Counsel for the defendant acknowledged that as a result of this announcement, this motion was moot.

Therefore, the defendant's motion should be denied as moot.

3. Motion For An Early Disclosure of Jencks Act Material And The Government's Witness List (Docket No. 910)

In his motion the defendant seeks early disclosure of the names and statements of government witnesses. The government is not required to disclose the names or statements of its witnesses prior to the trial of the case. 18 U.S.C. §3500; Rule 16(a)(2), Federal Rules Of Criminal Procedure; United States v. Pelton, 578 F.2d 701, 707-08 (8th Cir.), cert. denied, 439 U.S. 964 (1978). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." United States v. White, 750 F.2d 726, 729 (8th Cir. 1984); United States v. Wilson, 102 F.3d 968, 971-72 (8th Cir. 1996).

Therefore, the defendant's motion should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that defendant Curtis Cole's Motion To Dismiss For Prosecutorial Delay Pursuant To Rule 48(b) (Docket No. 911) be denied.

**IT IS FURTHER RECOMMENDED** that defendant Curtis Cole's Motion To Suppress Electronic Surveillance (Docket No. 913) be denied as moot.

**IT IS HEREBY ORDERED** that defendant Curtis Cole's Motion For An Early Disclosure of Jencks Act Material And The Government's Witness List (Docket No. 910) is denied.

The parties are advised that any written objections to these findings and determinations shall be filed not later than **October 5, 2012.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

                                                /s/ Frederick R. Buckles
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2012.